THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD K. WHITE, Appellant.— Judgment of conviction affirmed. All concur, except Harris, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The testimony of the complaining witness Sanford showed that he was unreliable and was mouthing thoughts of the witness Hallett. Such testimony should not be used to sustain the alleged guilt of the defendant-appellant. Reliable and uncontroverted proof established that the defendant-appellant was not on the premises where the criminal acts were claimed to have occurred on August 12th, but that he was confined to his home and to his bed for several days before and after that date. All this raises a reasonable doubt of guilt. To afford a fair trial to the defendant, the several counts of the indictment were severed and the trial had on one count; despite this, the district attorney called as witnesses the two boys involved in the other counts, using them to describe the layout of the defendant's premises; such testimony, even if necessary, should have been produced through other means. We cannot say that the defendant was not prejudiced by what occurred on the trial as stated in the foregoing, and for that reason, the conviction should be reversed and a new trial ordered. (The judgment convicts defendant of the crime of sodomy.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

In the Matter of the Probate of the Will of KATE L. EVANS, Deceased. JOSEPH EVANS et al., Respondents; MARGARET E. CARR et al., Appellants.— Order modified so as to provide for the examination of Joseph Evans and Edward Evans as parties and Marie Evans and Helen Evans as witnesses on July 15, 1946, at 10 o'clock in the forenoon before the same referee and the same place designated in the notice, and the period to be covered by the examination is fixed as three years before the date of the execution of the will to the date of the death of the testatrix, without prejudice to the right of the contestants to move before the surrogate upon a proper showing to enlarge the period to be covered by the examination. All concur. (The order vacates contestants' notice of examination of witnesses before trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.

ELAINE STASZEWSKI, an Infant, by STANISLAUS STASZEWSKI, her Guardian ad Litem, Respondent, v. CITY OF ROCHESTER, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See 271 App. Div. 19.]

LEO J. ALONZO, Appellant, v. BLANCHE D. ALONZO, Respondent.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ. [See *ante*, p. 977.]

In the Matter of JOHN P. HANOVEN, Petitioner, against AUGUST H. WAGENER, as Commissioner of Public Works of the City of Rochester, et al., Respondents. — Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Harris, McCurn and Larkin, JJ. [See *ante*, p. 977.]